# Third District Court of Appeal

## State of Florida

Opinion filed January 11, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1724
Lower Tribunal No. 18-537
_____

## Yazan Saleh,
Appellant/Cross-Appellee,

vs.

## Miami Gardens Square One, Inc., etc., et al.,
Appellees/Cross-Appellants.

An Appeal from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Bret Lusskin, P.A., and Bret L. Lusskin; Scott D. Owens, P.A., and Scott D. Owens (Hollywood); Bruce S. Rogow, P.A., and Bruce S. Rogow (Cedar Mountain, NC); The Law Office of Jibrael S. Hindi, PLLC., and Jibrael S. Hindi (Fort Lauderdale); Bruce S. Rogow, P.A., and Tara A. Campion (Boca Raton), for appellant/cross-appellee.

Akerman LLP, and Christopher S. Carver (Fort Lauderdale); Akerman LLP, and Kristen M. Fiore (Tallahassee), for appellees/cross-appellants.

Before EMAS, LINDSEY and GORDO, JJ.

GORDO, J.

Yazan Saleh appeals a trial court order granting final judgment in favor of Miami Gardens Square One, Inc. d/b/a Tootsie's Cabaret ("Miami Gardens") and RCI Hospitality Holdings, Inc.'s ("RCI").[1] We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Finding no error in the trial court's dismissal of Saleh's federal statutory claim, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In late December 2016, Saleh visited Tootsie's Cabaret, an adult entertainment nightclub located in Miami Gardens. Prior to leaving, Saleh gave his server two different personal credit cards to pay for the services provided. Saleh's server returned his credit cards to him along with two printed receipts, each displaying the first six and last four digits of his credit card account numbers. Saleh kept both receipts.

A month later, Saleh filed a lawsuit against Miami Gardens and RCI[2] in federal court based on those receipts, arguing Miami Gardens and RCI willfully violated the Fair and Accurate Credit Transactions Act, 15 U.S.C § 1681c(g)(1) ("federal FACTA"). A year later, Saleh filed an identical federal

---

[1] Miami Gardens and RCI filed a cross-appeal of the same order but acknowledge this Court need only reach the issues of this cross-appeal in the event the Court finds Saleh has standing to bring his federal FACTA claim. As we find Saleh lacks standing to maintain his claim, this cross-appeal is considered moot.

[2] Miami Gardens is a subsidiary of RCI.

FACTA based claim in state court. In 2020, the Eleventh Circuit resolved the issue of standing in <u>Muransky v. Godiva Chocolatier, Inc.</u>, 979 F. 3d 917, 920 (11th Cir. 2020), finding "a party does not have standing to sue when it pleads only the bare violation of a statute."

In March 2021, Miami Gardens and RCI moved to dismiss the instant state action arguing Saleh lacked standing because he failed to assert an injury in fact. Saleh filed an amended complaint reasserting standing and alleging Miami Gardens and RCI willfully violated federal FACTA because they were aware of federal FACTA's requirements.[3] Miami Gardens and RCI again moved to dismiss the claim asserting lack of standing, which Saleh opposed. In August 2021, the trial court held a hearing on the motion

---

[3] While the trial court did not rule on the willfulness issue, we note the United States Supreme Court has found that under the federal FACTA scheme "willfulness" encompasses both knowing conduct and reckless conduct. <u>See</u> <u>Safeco Ins. Co. of Am. v. Burr</u>, 551 U.S. 47, 57 (2007). To show willfulness, a plaintiff must allege a defendant had knowledge of federal FACTA and was knowingly violating it. <u>See</u> <u>Crupar-Weinmann v. Paris Baguette Am., Inc.</u>, 2014 WL 2990110, at *4 (S.D.N.Y. June 30, 2014) (finding bare allegations "that [the] defendant knew about FACTA's requirements, [did] not support a plausible inference that [the] defendant knew that it was violating FACTA"); <u>Seo v. CC CJV Am. Holdings, Inc.</u>, 2011 WL 4946507, at *2 (C.D. Cal. Oct. 18, 2011) ("The fact that information about FACTA was available to CJV does nothing to support Defendant's naked assertion that CJV was notified of FACTA's provisions and knowingly ignored them."); <u>Torongo v. Roy</u>, 176 F. Supp. 3d 1320, 1323–24 (S.D. Fla. 2016) (noting "there [we]re no factual allegations supporting Plaintiff's conclusory allegation[s]" of willfulness and "[i]f a [FACTA] violation is merely negligent, a plaintiff may recover only actual identity theft damages.").

to dismiss and ultimately granted the motion aligning itself with the federal court's interpretation in <u>Muransky</u> finding Saleh lacked standing because he asserted no legal injury. The trial court thus entered an order granting the motion to dismiss and entered judgment in favor of Miami Gardens and RCI. This appeal followed.

## LEGAL ANALYSIS

We affirm in all respects based on the standing analysis in <u>Southam v. Red Wing Shoe Co., Inc.</u>, 343 So. 3d 106, 113 (Fla. 4th DCA 2022), review denied, SC22-1052, 2022 WL 16848677 (Fla. Nov. 10, 2022) (finding the appellant lacked standing to pursue his federal FACTA claim as he did not demonstrate an injury in fact "since appellant kept the credit card receipt and there is no danger that the credit card number could result in any concrete injury to appellant"); <u>see also</u> <u>Spokeo, Inc. v. Robins</u>, 578 U.S. 330, 341 (2016) (holding that "a bare procedural violation, divorced from any concrete harm" does not confer standing); <u>Muransky v. Godiva Chocolatier, Inc.</u>, 979 F. 3d 917, 936 (11th Cir. 2020) ("Although the receipt violated the law because it contained too many digits, [Appellant] has alleged no concrete harm or material risk of harm stemming from the violation. Because this amounts to nothing more than a 'bare procedural violation, divorced from

4

any concrete harm,' [Appellant] has failed to allege that he has standing to bring this lawsuit." (quoting Spokeo, 578 U.S. at 341)).

On appeal, Saleh's counsel concedes his client did not and cannot establish he suffered an actual harm based on the receipts from Tootsie's because he retains possession of them. Instead, Saleh asks us to broaden Florida's standing requirements and exercise jurisdiction over the federal statutory claim because Muransky only applies to Article III standing under the United States Constitution. We find no basis to do so where Florida law also imports an injury in fact requirement under our standing framework. See State v. J.P., 907 So. 2d 1101, 1113 n.4 (Fla. 2004) (stating there are "three requirements that constitute the 'irreducible constitutional minimum' for standing. First, a plaintiff must demonstrate an 'injury in fact,' which is 'concrete,' 'distinct and palpable,' and 'actual or imminent.' Second, a plaintiff must establish 'a causal connection between the injury and the conduct complained of.' Third, a plaintiff must show 'a "substantial likelihood" that the requested relief will remedy the alleged injury in fact.'") (internal citations omitted).

Separately, where Saleh has sued under the federal statute, he is required to allege a legally sufficient claim pursuant to the federal FACTA statute itself. In 2008, Congress issued the Clarification Act which amended

the federal FACTA statutory scheme to include actual harm. <u>See</u> Credit and Debit Card Receipt Clarification Act of 2007, Pub. L. No. 110-241 § 2(b), 122 Stat. 1565, 1565 (2008) ("The purpose of this Act is to ensure that consumers suffering from any **actual harm** to their credit or identity are protected while simultaneously limiting abusive lawsuits that do not protect consumers but only result in increased cost to business and potentially increased prices to consumers.") (emphasis added). As recognized by the Eleventh Circuit in <u>Muransky</u>, the Clarification Act demonstrated Congress's "view that some technical FACTA violations caused consumers no harm." <u>Muransky</u>, 979 F. 3d at 921. Thus, mere violation of the statute absent harm cannot create a viable claim because, "there is good reason to doubt that Congress has deemed every violation of FACTA to pose a material risk of identity theft. . . . [as] Congress expressly recognized in the Clarification Act that not all violations of the truncation requirement pose a serious threat to consumers." <u>Id.</u> at 932–33 (citing Pub. L. No. 110-241 § 2(b), 122 Stat. at 1566). Accordingly, because Congress clarified the purpose of the federal FACTA statutory scheme is to protect consumers from actual harm, a plaintiff must allege an actual harm to pursue a claim under the statute. As Saleh acknowledges he suffered no actual harm, we also find the trial court

properly dismissed Saleh's complaint as legally insufficient for failure to plead an actual injury under the federal FACTA statutory scheme.

Affirmed.